IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-317-BO

| | |
|---|---|
| MICHELLE MULLEN, Executrix of the ESTATE OF CLAIRE M. MURPHY on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE GROUP, LLC, and FRANKLIN OPERATIONS, LLC d/b/a Franklin Manor Assisted Living Center,<br><br>    Defendants. | O R D E R |

This cause comes before the Court on plaintiff's motion to remand her case to Franklin County Superior Court. [DE 25]. There are also a number of other pending motions, including two unopposed motions to seal [DE 34, 55], defendants' two motions to dismiss [DE 39, 65], and defendants' motion to strike [DE 60]. All of these matters have been fully briefed and are ripe for disposition. For the reasons that follow, plaintiff's motion to remand [DE 25] is GRANTED, defendants' motion to strike [DE 60] is DENIED, and the parties' unopposed motions to seal [DE 34, 55] are GRANTED. No action is taken on the pending motions to dismiss.

## BACKGROUND

Plaintiff originally brought her claims in Franklin County Superior Court alongside several other plaintiffs. That case, *Bartels v. Saber Healthcare Group, LLC*, 5:16-CV-283-BO, was removed to this Court and, on October 25, 2016, remanded to Franklin County. On October

25, 2016, plaintiff voluntarily dismissed her claims in Franklin County Superior Court. On October 24, 2017, plaintiff re-filed the instant action in Franklin County Superior Court. [DE 1-3]. Since then, the Fourth Circuit has issued a published opinion, *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668 (4th Cir. 2018), and the action has again been remanded to Franklin County. A second appeal is currently pending before the Fourth Circuit.

Plaintiff filed this suit as a putative class action alleging claims arising from defendants' failure to comply with their contractual and statutory obligations to provide assisted living services that meet the needs of the residents of defendants' Franklin Manor and Gabriel Manor adult care facilities. [DE 1-3]. Plaintiff alleges that defendants' facilities have failed and continue to fail to provide sufficient services to meet the basic needs of their residents, including adequate bathing and timely provision of medication, and that defendants consistently understaff the facilities to the detriment of the residents and in violation of North Carolina law. [DE 57]. Plaintiff brings claims for breach of contract and unfair trade practices. *Id.*

In June 2018, defendants removed this action from Franklin County Superior Court to this Court on the basis of its diversity jurisdiction as well as the Class Action Fairness Act (CAFA) of 2005. [DE 1]; 28 U.S.C. §§ 1332(d); 1453. Plaintiff timely moved to remand. [DE 25]. Defendants responded in opposition and then moved to dismiss the action entirely under Federal Rule of Civil Procedure 12(b)(6). [DE 39]. Plaintiff amended her complaint as of right, voluntarily dismissing several defendants such that only Saber Healthcare Group, LLC and Franklin Operations, LLC remain. [DE 57]. Defendants moved to strike certain arguments plaintiff raised in her reply brief in support of remand, then moved to dismiss some of plaintiff's claims on the basis of an arbitration clause. [DE 65]. The parties have also filed unopposed motions to seal. [DE 34, 55].

## DISCUSSION

The question before this Court is the same question that was before the Court last month in *Bartels v. Saber Healthcare Group, LLC*, 5:16-CV-283-BO, 2018 WL 5410921, at *1 (Oct. 29, 2018): whether plaintiff has demonstrated that defendants are bound to litigate in Franklin County by a forum-selection clause such that the action must be remanded. The Court concludes that plaintiff has carried her burden and the motion to remand must be granted.

When a plaintiff seeks to establish that one of the statutory exceptions to jurisdiction under CAFA applies, and thus that the court should decline to exercise removal jurisdiction over the case, the plaintiff must establish that the exception applies by a preponderance of the evidence. *See Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016) ("party seeking to remand under an exception to CAFA bears the burden of establishing each element of the exception by a preponderance of the evidence."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (district court makes factual findings regarding jurisdiction under preponderance standard).

Here, however, plaintiff's burden is instead to show that the forum-selection clause contained in her contract with Franklin Manor should apply not only to defendant Franklin Operations, LLC ("Franklin Operations"), a party to the contract, but also to Saber Healthcare Group, LLC ("Saber"). CAFA provides that only one defendant need consent to removal, and thus if one defendant is not bound by the forum-selection clause, then removal to this Court was proper and remand should be denied. 28 U.S.C. § 1332(d). Because whether a forum-selection clause applies does not implicate the Court's subject-matter jurisdiction, *see Bartels*, 880 F.3d at 680 ("a forum-selection clause has nothing to do with subject-matter jurisdiction"), and because a forum-

selection clause "merely determines in what court or court system [] liability" should be decided, *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 441 (7th Cir. 2012), the inquiry required here should follow the standard for challenging venue under Rule 12. *See Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) (consideration of motion to dismiss pursuant to forum-selection clause should be treated as a Rule 12(b)(3) motion).

In this circuit, consideration of evidence outside the pleadings is permitted when deciding a venue challenge, *Sucampo*, 471 F.3d at 550, and "[t]o survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *see also Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012); *Cranford v. Tennessee Steel Haulers, Inc.*, No. CV ELH-17-2768, 2018 WL 3496428, at *2 (D. Md. July 20, 2018). If an evidentiary hearing is held, a plaintiff must demonstrate proper venue by a preponderance of the evidence. *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 925 (E.D. Va. 2017).

No evidentiary hearing has been granted, but the Court will consider matters outside the pleadings—including exhibits attached to the remand motion which were developed in *Bartels*, the companion action—to determine whether plaintiff has made a prima facie showing that venue in Franklin County Superior Court is proper. In making that determination, the Court will view the facts in the light most favorable to plaintiff. *Aggarao*, 675 F.3d at 366.

There are two defendants in this action: Saber and Franklin Operations. Plaintiff brings claims arising from her stays at the Franklin Manor facility and the Gabriel Manor facility. Saber is the managing member of Franklin Operations, which in turn operates Franklin Manor. Unlike in *Bartels*, in this case, plaintiff does not need to establish that each of the three Saber facilities and their operating companies are all alter egos of one another. Rather, plaintiff need only establish

4

that Franklin Operations and Saber are alter egos of each other. Defendants concede that plaintiff and Franklin Operations signed a contract containing the forum-selection clause, so the only question is whether the non-signatory Saber is also bound by that forum-selection clause.

At the outset, the Court notes that defendants' motion to strike is denied. As plaintiff correctly points out, because the Court has subject-matter jurisdiction and the remand motion is premised on venue, the Court's inquiry is not limited to the pleadings. Even if plaintiff were to have raised new arguments in her reply brief, the only defendants before the Court after the amended complaint are Saber and Franklin Operations, and the Court must consider whether each is bound by the forum selection clause regardless of the arguments that plaintiff makes in favor of remand. Plaintiff has not violated Local Rule 7.1(g)(1). The motion to strike is denied.

Plaintiff argues first that Saber is also a signatory to the Franklin Manor contract, citing the frequent appearance of Saber's logo on the contract and the signature of an alleged Saber representative. But, in the alternative, plaintiff advances two principal arguments in favor of binding Saber to the forum-selection clause as a non-signatory: first, that Saber is "closely related to the dispute such that it becomes foreseeable that it will be bound to the forum-selection clause," citing *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993), and second, that Saber is the alter ego of Franklin Operations. [DE 26, p. 4]. The Court addressed these same questions in the *Bartels* case and concluded that Saber was both closely related to the dispute and an alter ego of the signatory to the forum-selection clause. That remains the Court's position. Following an exhaustive consideration of the evidence presented, this Court concluded:

> The interrelated corporate and financial structure of the defendant entities is sufficient to show at this stage of the proceedings that interests of the defendants are "directly related to, if not predicated upon" the interests of Franklin

5

[Operations], the signatory to the contract containing the forum-selection clause at issue. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir.1996)).

*Bartels v. Saber Healthcare Group, LLC*, 5:16-CV-283-BO, 2018 WL 5410921, at *4 (Oct. 29, 2018). To summarize, the same two individuals, George S. Repchick and William I. Weisberg, serve as the president and vice president of Saber and Franklin Operations. Each has a fifty percent interest in Franklin Manor. Saber is the managing member of Franklin Operations. Saber effectively operates its facilities, including Franklin Manor and Gabriel Manor, through "consulting agreements," including the one signed by Franklin Operations. The facilities, including Franklin Manor and Gabriel Manor, hold themselves out to the public as "Saber Healthcare Group Assisted Living Communit[ies]." [DE 26-9, 26-18]. Saber and Franklin Operations share resources, employees, email addresses, and an office. Saber exercised a high degree of ownership and control over Franklin Operations which extended to hiring, firing, scheduling, and paying employees. Saber and Franklin Operations are closely intertwined alter egos of one another and each must be bound by the forum-selection clause.

As in *Bartels*, defendants contend that this Court must look to the law of the state of incorporation to determine whether the corporate veil may be pierced, and must therefore apply North Carolina, Ohio, and Virginia law to determine whether plaintiff may pierce the corporate veil of the defendants and find that they are alter egos. Defendants further contend that Ohio law's bar on "sister piercing" would prohibit veil piercing in this context. North Carolina courts, whose law this Court must apply in determining choice-of-law issues, have not, however, ruled definitively on whether North Carolina law or the law of the state of incorporation applies to this inquiry. *Strategic Outsourcing, Inc. v. Stacks*, 176 N.C. App. 247, 252 (2006); *see also Excel*

*Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 287 (2005) (applying North Carolina law to Georgia corporation); *Insight Health Corp. v. Marquis Diagnostic Imaging of N. Carolina, LLC*, No. 14 CVS 1783, 2018 WL 2728782, at *9 (N.C. Super. June 5, 2018); *but see Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 386 (4th Cir. 2018) ("The law of the state in which an entity is incorporated generally governs the question whether a court may pierce an entity's veil."); *Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 345, 349 (M.D.N.C. 1995) (opining that North Carolina Supreme Court would adopt a rule that law of the state of incorporation would apply when determining whether corporate veil could be pierced).

Because North Carolina state courts have applied North Carolina law when considering whether to pierce the veil of a foreign corporation, this Court will again do the same. Under North Carolina law, the presence or absence of a particular factor is not determinative, and the alter ego or instrumentality theory of liability is an equitable one which aims to place the burden of loss on the party who should be held responsible. *Glenn v. Wagner*, 313 N.C. 450, 458 (1985). Plaintiff's evidence of interrelated corporate structure, commingled funds, and Saber's domination or control over the day-to-day activities of Franklin Manor is sufficient to make a prima facie showing that Saber and Franklin Operations were, in fact, alter egos of one another. Moreover, where, as here, multiple corporations have "functioned as a single business enterprise in substance, if not in form," *id.* at 459, North Carolina courts have permitted the corporate veil to be pierced. *See also S. Shores Realty Servs., Inc. v. Miller*, 796 S.E.2d 340, 352 (N.C. Ct. App. 2017) (fact that separate LLC was formed to manage thirteen individual rental properties is evidence from which reasonable fact finder could conclude business enterprise was excessively fragmented); *Microspace Commc'ns Corp. v. Guest-Tek Interactive Entm't, LTD*, No. 5:14-CV-535-F, 2015 WL 4910134, at *3 (E.D.N.C. Aug. 17, 2015) (companies that advertised in a way that made them appear to be the

same, had identical corporate leadership, and intermingled bills were properly considered a single business enterprise).

Saber and Franklin Operations, the only remaining defendants, are alter egos of each other. Franklin Operations signed a contract with plaintiff that contained a forum-selection clause requiring litigation to take place in Franklin County Superior Court. *See Bartels*, 880 F.3d at 681. Saber must also be bound by that forum-selection clause. As venue is appropriate in Franklin County, plaintiff's motion to remand must be granted.

## CONCLUSION

For the above reasons, the Court holds that plaintiff has satisfied her burden to show that the defendants should both be bound by the Franklin Manor forum-selection clause. Plaintiff's motion to remand [DE 25] is GRANTED and this action is remanded in its entirety to the Superior Court of Franklin County, North Carolina. Defendants' motion to strike [DE 60] is DENIED. The unopposed motions to seal [DE 34, 55] are GRANTED. The Court declines to rule on the pending motions to dismiss [DE 39, 65], preserving them for the Franklin County court.


SO ORDERED, this 3 day of December, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE